IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2008 DEC 19 A 10: 59

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MICHAEL P. BRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| USIS COMMERCIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### NATURE OF THE ACTION

1. Plaintiff, Michael P. Bright ("Bright"), brings this action against Defendant, USIS Commercial Services, Inc. ("USIS"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2. Defendant gave a grossly inaccurate background check report about Bright to Sears Roebuck & Co. ("Sears"), where Bright had applied for employment as a mechanic. The report identified Bright as the defendant in two (2) separate criminal cases filed against a different "Michael Bright" living in Philadelphia, Pennsylvania. The criminal charges involved seven (7) separate misdemeanors counts for Possession Instrument of Crime (2 counts), Theft from Motor Vehicle (2 counts), Theft by Unlawful Taking, Theft by Receiving Stolen Property, and Criminal Mischief.

3. Because of USIS's reckless and inaccurate background check report, Sears declined Bright employment, and, as a result, Bright has suffered lost wages, a loss of earning capacity, and substantial emotional distress. Moreover, despite being provided with documentation of the other "Michael Bright" with the same date of birth as Plaintiff, USIS has refused to correct its inaccurate background check report.

## PARTIES

4. Bright is and has been a resident of Plymouth County, Massachusetts during all periods relative to this Complaint.

5. USIS is a corporation headquartered in Tulsa, Oklahoma and is a consumer reporting agency as defined by 15 U.S.C. §1681a. USIS conducts business in Massachusetts by providing Massachusetts employers with background check reports regarding prospective and current employees.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331.

7. Venue is proper in the District of Massachusetts because a substantial part of the events or omissions giving rise to Bright's claim occurred in Massachusetts. 28 U.S.C. §1391(b). Further, USIS is subject to personal jurisdiction in this District. 28 U.S.C. §1391(c).

## FACTUAL ALLEGATIONS

8. In or about June, 2008, Bright applied for a full-time mechanic position with Sears located in Norwell, Massachusetts.

9. In response to employment application questions regarding his criminal history, Bright truthfully stated that he did not have a criminal record. He provided Sears with written permission to obtain a consumer report from USIS.

10. On or about June 18, 2008, USIS provided Sears with a criminal background check report for a different Michael Bright residing in Philadelphia, Pennsylvania.

11. Based upon information and belief, USIS provides criminal background check reports to employers instantaneously upon request via the internet before providing such reports to consumers through the US mail.

12. After submitting his employment application, Bright received correspondence from Sears on or about June 23, 2008 advising him that they were "unable to offer [him] employment" due to information contained in the USIS background check report concerning him. *See* attached Exhibit A.

13. Thereafter, Bright received from USIS a copy of the criminal background check report provided to Sears on or about June 18, 2008. Said report attributed to Bright two (2) criminal cases with seven (7) separate misdemeanors convictions in 2004 and 2005 in Philadelphia, Pennsylvania. *See* attached Exhibit B.

14. After receiving the USIS criminal background check report, Bright contacted USIS disputing the criminal convictions in Philadelphia, Pennsylvania appearing on the same. He has never even been to Philadelphia or arrested there, or anywhere for that matter. Bright also provided USIS with documentation from the Pennsylvania Bureau of Driver Licensing reflecting that there is another Michael Bright residing in Philadelphia with the same date of birth (August 9, 1985). *See* attached Exhibit C.

15. USIS has confirmed that it only used first name, last name and date of birth as matching criteria in attributing the Philadelphia criminal convictions to Bright and including the same on its background criminal background check report provided to Sears. It did not use middle initial, address or social security number as additional matching criteria.

16. Despite repeated requests and documentation provided by Bright, USIS has refused to correct its background check report concerning him to reflect no criminal convictions.

3

17. Despite the representations made by USIS in its criminal background check report, Bright is not in any way linked to the Michael Bright from Philadelphia, Pennsylvania.

18. Because of USIS's reckless and false statements contained in its criminal background check report about Bright, Sears declined him employment.

19. Based upon information and belief, USIS distributed the same inaccurate background check report to other employers in Massachusetts that denied jobs to Bright or never responded to his applications, including, but not limited to, U.S. Customs and Border Patrol, The Home Depot, Petco, and numerous municipalities where Bright applied for firefighter positions after taking and scoring very well on the Massachusetts Civil Service Exam.

20. As a result of USIS's conduct as outlined above, Bright has lost an annual income and benefits from Sears in excess of $25,000.00 per year and suffered, and continues to suffer from, substantial emotional distress. Moreover, due to the continued refusal of USIS to correct its criminal background check report concerning Bright, he is unable to obtain gainful employment.

## **COUNT I - Violation of the Fair Credit Reporting Act**

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 above and incorporates the same herein by reference.

22. Bright is a "consumer" as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(c).

23. Defendant USIS is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

24. The criminal background check report created and provided by USIS to Sears regarding Bright is a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

25. The consumer report regarding Bright, created and provided by USIS to Sears contains inaccurate 'public records based' information, which had, and continues to have, an adverse effect on Bright's ability to obtain gainful employment.

26. USIS failed to notify Bright that public record information was reported to Sears at the time such report was provided to Sears in violation of FCRA, 15 U.S.C. §1681k(a)(1).

27. USIS failed to maintain strict procedures designed to insure that public record information used in its employment criminal background check reports was complete, accurate, and up to date, in violation of FCRA, 15 U.S.C. §1681k(a)(2).

28. USIS violated the FRCA, 15 U.S.C. §1681a(b), by negligently and willfully failing to follow reasonable procedures to assure the maximum possible accuracy of the information about Bright when it prepared the criminal background check report provided to Sears. Specifically, USIS's violations of the FCRA arise from: (a) its disclosure of two (2) criminal convictions relating to a person not Bright living in an entirely different state, (b) failing to investigate whether the person with the two (2) criminal convictions was in fact Bright; and (c) its continued refusal to correct its criminal background check report concerning Bright,

29. USIS failed to take reasonable steps to cross-reference names, dates of birth, middle initials, addresses and social security numbers prior to providing reports which malign the character and integrity of the consumer. This is especially true in a nation of more than three hundred million (300,000,000) citizens who may have the same names and dates of births.

30. By failing to take reasonable steps to cross-reference similar names dates of birth, middle initials, addresses and social security numbers, USIS recklessly and willfully provided an employer with grossly inaccurate information about Bright resulting in his loss of employment.

31. Because of USIS's willfull and negligent violations of FCRA, 15 U.S.C. §1681a(b), Bright was denied employment at Sears, continues to be unable to secure gainful employment, and thus suffered, and continues to suffer from, humiliation, embarrassment, mental anguish, emotional distress and lost wages.

32. USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages in the amount to be determined at trial pursuant to 15 U.S.C. §1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. 1681o.

33. Bright is entitled to recover costs and attorney's fees from USIS pursuant to 15 U.S.C. §1681n & o.

## COUNT II - DEFAMATION

34. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33 above and incorporates the same herein by reference.

35. USIS published in writing false information about Bright which affected him injuriously in his trade or profession.

36. Specifically, USIS published in writing false information about Bright, including statements claiming Bright committed crimes of moral turpitude.

37. USIS published and communicated the false writing to a third-party, namely Sears.

38. Said published false information and writings reflect upon Bright in a defamatory manner, causing injury to Bright's good reputation, exposing him to ridicule, shame and disgrace and affecting him adversely in his trade or business.

39. Because USIS published and communicated false information about Bright to Sears, Bright has lost income and the capacity to earn income.

40. USIS's conduct was done with such a degree of recklessness that it equates to malice.

WHEREFORE, Plaintiff, Michael P. Bright, prays that this Court enter judgment in his favor and against Defendant USIS Commercial Services, Inc. on both counts and award him:

A. Monetary damages to compensate him for his lost wages, loss of earning capacity and emotional distress;

B. Punitive damages to deter such willfull and reckless in the future;

C. His court costs and attorneys' fees;

D. Enter an order requiring USIS to correct its criminal background check report concerning him;

E. Any other relief this Court deems just.

## JURY DEMAND

Plaintiff demand a trial by a jury of eight (8) as to all issued presented herein.

The Plaintiff,
Michael P. Bright,
By His Attorney,

_____
Edward M. Joyce, Jr., BBO# 633912
NAGLE & JOYCE
100 Schoosett Street, Building 1, Suite A
Pembroke, MA 02359
(781)826-6911
ejoyce@naglejoycelaw.com

Dated: December 18, 2008

7